IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 19-cv-01214-RBJ

HOWARD D. TRAVIS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

# ORDER

---

    Howard D. Travis, representing himself, filed this lawsuit on April 25, 2019. In its introduction Mr. Travis describes himself as

> Howard D. Travis© ("Hereinafter" Aggrieved party), Sui Juris, Secured Party (U.C.C. §9-105). NONPERSON (U.C.C. §1-201 (27), NON-RESIDENT, NON-DEBTOR (28 U.S.C.§3002(4)), NON-CORPERATED, NON-FICTION, NON-SUBJECT, NON-PARTICIPANT in any Government programs, a Living flesh and blood Man standing on the ground. Sovereign, NON-CITIZEN, under Special Appearance (Rule 8€) not generally, NON-DEFENDANT (U.C.C. §1-201(14)), Holder-in-Due-Course (U.C.C. §3-302 (A)(2)) OF ALL DOCUMENTATION (u.c.c. §5-102(6)) of the "Enitity" Cestui Que Vie trust Howard D. Travis© , representing the Corporate Fiction.

Complaint, ECF No. 1, at 1.

    He sues the United States of America and, in particular, John Vencato, an agent of the Internal Revenue Service.[1] It is not clear from the Complaint what Mr. Travis's claim is, but I

---

[1] The Complaint does not clearly identify Mr. Vencato as an IRS agent, but I have learned that he was described as an IRS agent in another pro se case filed in this district. *See Maehr v. Internal Revenue Service, and John Vencato,* Civil Action No. 19-cv-03464-LTB-GPG.

infer that he objects to efforts of the IRS to collect taxes and penalties from him. It is also unclear from the Complaint what relief Mr. Travis seeks, but I assume that it is some form of equitable relief to prevent the IRS from prosecuting tax-related claims against him.

The Complaint should have been stricken by the Court at the outset for failure to provide either "a short and plain statement of the grounds for the court's jurisdiction," or a "a short and plain statement of the claim showing that the pleader is entitled to relief," or "a demand for the relief sought," all of which are required by Rule 8(a)(1) through (3) of the Federal Rules of Civil Procedure. However, it fell through the cracks, for which I blame myself. In any event, in response to the Court's standard notice to the parties to set a scheduling conference, Mr. Travis filed a document that did flesh out his claims to some extent. He indicated that he has never been a "taxpayer" or a "person liable" for any IRS tax; that the United States Code has never been enacted into "positive law;" and that all income tax provisions in the Internal Revenue Code, among other laws, are unconstitutional. ECF No. 6 at 3-6.

The defendants filed a motion to dismiss, in which they argued for dismissal for lack of subject-matter jurisdiction per Rule 12(b)(1); failure to state a claim on which relief could be granted per Rule 12(b)(6); and lack of proper service per Rule 12(b)(5). ECF No. 12. Defendants also point out that Mr. Travis filed a similar lawsuit against the United States previously, No. 18-cv-01921-RBJ, but voluntarily dismissed it.

I initially denied defendants' motion to dismiss on a procedural ground, i.e., that counsel had failed to comply with this Court's practice standard regarding motions to dismiss. ECF No.

13.² However, notwithstanding that I had denied the motion, Mr. Travis responded to it. ECF No. 14. Defendants then provided the letter described in the practice standards. ECF No. 15. After reading the letter I granted defendants permission to file a new Rule 12 motion. ECF No. 16. Defendants filed their amended motion to dismiss on January 31, 2020. ECF No. 17. Mr. Travis has not responded. However, I can understand how a pro se party could be confused, and therefore I deem his response to the original motion to dismiss to be a timely response to the amended motion to dismiss as well.

That said, however, the response does not respond to the substance of the motion. Defendants' principal arguments are

- The Court lacks subject matter jurisdiction, because the United States has not waived sovereign immunity to challenge the tax powers of the United States;
- The tax exception to the Declaratory Judgment Act bars declaratory relief with respect to federal taxes;
- §7421 of the Internal Revenue Code, commonly referred to as the Anti-Injunction Act, provides, subject to exceptions that do not apply, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person;"

---

² On reflection, my denial of the motion was a bit unfair. Effective December 1, 2019 I amended my practice standards concerning motions to dismiss to require that the parties confer, discuss certain issues, and then, if a motion to dismiss is still believed to be appropriate, file short letters discussing why and why not. I did this in an attempt to reduce unnecessary motion practice, based on a study conducted by the Institute for the Advancement of the American Legal System. However, this case was filed before those practice standards went into effect. I have since clarified that the new practice standard applies only to cases filed after December 1, 2019.

- The complaint asserts no facts that plausibly state a claim on which relief could be granted, and regarding its allegations of fraud, it does not allege relevant facts with particularity; and
- Plaintiff failed to serve the summons and complaint on the Attorney General of the United States as required by Fed. R. Civ. P. 4(i)(1).

Mr. Travis's response addresses none of those arguments in any substantive way. Rather, he asserts, among other things, that

- Congress is prohibited from re-defining terms found in the Constitution;
- Willful misrepresentations by officers of the U.S. Department of Justice and IRS agents are actionable.
- Plaintiffs have failed to support their allegations that defendants are taxpayers (he is apparently thinking of the defendants as the plaintiffs).
- Courts have no jurisdiction to determine their own jurisdiction.
- The burden to prove jurisdiction is on the party attempting to assert jurisdiction (I agree).
- Government entities, judges, magistrates and aliens have accepted titles of nobility and possess no immunities for any purpose.
- The Court should dismiss this cause for lack of jurisdiction.

The complaint is a polemic expressing certain views of Mr. Travis about the United States, citizenship, and the taxation system. It appears to reflect views sometimes attributed to individuals characterizing themselves as sovereign citizens. The response to the amended motion to dismiss is not responsive. Moreover, by insisting that plaintiffs must prove jurisdiction, and asking the court to dismiss the case for lack of jurisdiction, the response reflects

Mr. Travis's confusion as to what this case is and is not. Neither the United States nor the IRS is the plaintiff here. If the IRS is attempting to collect taxes and interest from Mr. Travis, or to impose penalties on Mr. Travis for not complying with the tax laws, it is not doing so in this civil action.

**ORDER**

It is questionable whether the Court has jurisdiction, but to any extent that it does, I find and conclude that the complaint plainly fails to state a claim on which relief may be granted. Accordingly, the amended motion to dismiss, ECF No. 17, is GRANTED. This civil action and all claims therein are dismissed with prejudice. As the prevailing party, the defendants are awarded their reasonable costs to be taxed by the Clerk pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 5th day of March, 2020.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge